UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WALTER SHIELDS,

        Plaintiff,                         Case No. 2:14-cv-226

v.                                           HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION AND ORDER**

On March 9, 2012, the Commissioner notified Plaintiff (a child) that she had been overpaid supplemental security income (SSI) benefits from September, 2009, to February, 2012, in the amount of $17,858.96. *See* Transcript of Administrative Hearing at page 11, 38-42, 82 (hereinafter Tr. at ___). The overpayment was identified by the Social Security Administration (SSA) after discovering a money market account that precluded Plaintiff from being eligible for SSI benefits. Tr. at 11. Plaintiff's father (Walter Shields, conservator of the account) requested reconsideration of the matter, but the overpayment determination was affirmed on March 18, 2012. Tr. at 11, 38, 84-86, 89-90. Mr. Shields filed a request for an administrative hearing on June 7, 2012. Tr. at 11, 91. On February 1, 2013, a hearing was held by video before an Administrative Law Judge (ALJ). Tr .at 11. Plaintiff was represented by Mr. Shields at the hearing, as her conservator, and Mr. Shields was represented by counsel. Tr. at 11, 140. In a decision issued February 21, 2013, the ALJ affirmed that Plaintiff had, in fact, been overpaid benefits in the amount of $17,858.96. Tr. at 13, 78. Plaintiff appealed to the Appeals Council,

which denied her request for review on September 9, 2014. Tr. at 3-5. Plaintiff then filed this action on October 30, 2014.[1] ECF No. 1.

In 1998, Plaintiff was injured in a motor vehicle accident and became disabled. Tr. at 36, 125, 141. The injuries she incurred from the accident resulted in a settlement payment of $29,671.54, which was approved by the probate court. Tr. at 123-24. These funds were to be held in a conservatorship account that Plaintiff could access when she turned eighteen. Tr. at 17, 125. Mr. Shields was appointed conservator of the account. Tr. at 17-18, 123. In 2000, Judge Ulrich signed a court order limiting access to the conservatorship account in the following manner:

> [A]ny and all funds shall be preserved in a bank savings account or in certificates of deposit at a financial institution and shall not be withdrawn without written permission of the Chippewa County Probate Court until such time as Minor obtain[s] [the] age of majority. A verification of funds shall be filed with the Court.

Tr. at 17-18, 123. The funds were left untouched until 2003 when Plaintiff's home burned down. Tr. at 124. Thereafter, Mr. Shields petitioned the probate court for access to Plaintiff's account in order to buy her replacement clothes, and Judge Ulrich granted the request ($2,500.08). Tr. at 124, 126. Two years later, Mr. Shields petitioned the court for money to buy Plaintiff more clothes since she had outgrown her last batch. *Id.* The request was granted ($2,364.29). *Id.* Then, sometime between 2007 and 2008, Mr. Shields petitioned the court again in an attempt to access Plaintiff's funds to buy her a computer for school. Tr. at 124, 126-27. The request was granted ($624.34). *Id.* In April of 2010, Mr. Shields requested money for a replacement computer, and again the request was granted ($836.33). Tr. at 19, 125, 127. Finally, around

---

[1] Both parties consented to proceed before a Magistrate Judge on January 29, 2015. ECF No. 11.

2011 to 2012, Mr. Shields made another petition to the court to access Plaintiff's funds so that he could pay for Plaintiff's driver's education classes. Tr. at 125, 127. The request was granted ($293.76). *Id.* As of February 2012, there remained $29,343.58 in the account. Tr. at 127.

Since Plaintiff was disabled after the accident, Mr. Shields applied for and was granted SSI benefits for Plaintiff approximately a year and a half after the settlement was approved. Tr. at 146. Mr. Shields testified before the ALJ that he disclosed the conservatorship account to the local social security representative when he applied for SSI on behalf of Plaintiff. Tr. at 146-47.

Plaintiff filed an initial brief to this Court on February 19, 2015. ECF No. 13. Defendant Commissioner of Social Security filed a response on March 31, 2015. ECF No. 16. Plaintiff replied on April 22, 2015. ECF No. 17. The matter is now ready for a decision. The sole issue before this Court is whether Plaintiff's conservatorship account rendered her ineligible to receive SSI benefits from September 2009 to February 2012.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Winslow v. Comm'r of Soc. Sec.*, 566 Fed. App'x 418, 420 (6th Cir. 2014) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see also* 42 U.S.C. § 405(g). The findings of the ALJ are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y, Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). This Court is not permitted to try the case *de novo*, nor resolve conflicts in the evidence and cannot decide

questions of credibility. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *see Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (noting the ALJ's decision cannot be overturned if sufficient evidence supports the decision regardless of whether evidence also supports a contradictory conclusion). This Court is required to examine the administrative record as a whole and affirm the Commissioner's decision if it is supported by substantial evidence, even if this Court would have decided the matter differently. *See Kinsella v. Schwikers*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (holding that the court must affirm a Commissioner even if substantial evidence would support the opposite conclusion).

Plaintiff argues that the ALJ erred in deciding Plaintiff was not eligible to receive SSI benefits during the period in question since her conservatorship account was an excludable resource. ECF No. 13. Under 20 C.F.R § 416.1205, a disabled individual "is eligible for benefits under title XVI of the Act if his or her nonexcludable resources" do not exceed $2,000. 20 C.F.R § 416.1205(a). A "resource" includes "cash or other liquid assets . . . that an individual owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a); 20 C.F.R. § 416.1208(a) (same); *see* 20 C.F.R. § 416.1201(b) (noting liquid resources includes funds contained in a financial institution account, such as a checking or savings account, for example). An individual "owns" the account if he or she "can withdraw funds and use them for his or her support and maintenance." 20 C.F.R. § 416.1208(b). An account qualifies as one used for "support and maintenance" if money from the account may be used for food or shelter. *See* 20 C.F.R. §§ 416.1104, 416.1157(b). Plaintiff specifically argues

that the funds in her conservatorship account were not used for her support and maintenance, and thus the account was an excludable resource.

In his decision, the ALJ concluded that Plaintiff was ineligible for SSI benefits because her conservatorship account was a nonexcludable resource that contained over $2,000 at all relevant times, and the account was accessible to Plaintiff despite needing court permission before a withdrawal occurred:

> The record shows that the account in question was established in the name of "the estate of Elizabeth Shields, a Minor" (the claimant), funded by a settlement arising from a motor vehicle accident. The record further shows that over $29,000.00 has been in the account at all times here material–an amount which would preclude the claimant's eligibility for benefits.
>
> It has basically been contended on the part of the claimant that the account in question was purposely established under court supervision as a conservatorship account for the claimant, to which she would have no immediate or direct access (as any withdrawal would require court approval). Therefore, the account should not be considered an available and countable resource.
>
> However, as explained on the part of the Administration in Exhibit 6, the singular fact that the conservatorship account was established under court supervision is not the essential element for determining whether the account represents a countable resource. Rather, in keeping with the above-referenced section of the Regulations [20 C.F.R. § 416.1208], actual access is the key; if funds can be withdrawn (albeit with court approval) in order to provide for ordinary support and maintenance of the claimant, the account is considered available and countable.
>
> Here, it has been admitted on the part of the claimant that access for appropriate expenses has remained possible, if court permission is secured. Also in that regard, a letter concerning the account was submitted on January 16, 2013 by Lowell R. Ulrich, a retired Probate Judge (for Chippewa County, Michigan) who previously supervised the account. While the letter was apparently secured for the purpose of demonstrating that court permission has been required for account withdrawals, the letter nevertheless describes four specific instances

> in which that permission was given for withdrawals to cover necessary expenses–for clothing and school-related computer costs. Thus, irrespective of the need for court permission, funds have indeed been withdrawn, as necessary, to provide for items of support and maintenance for the claimant.
>
> Accordingly, the undersigned finds that the conservatorship account in question has at all times here material represented a countable resource precluding eligibility. Consequently, the claimant was overpaid, as previously determined [in the amount of $17,858.96].

Tr. at 12 (citations omitted) (emphasis in original). The ALJ's decision focuses entirely on whether Plaintiff had access to the funds within the conservatorship account. *Id.* Interestingly though, the ALJ did not discuss whether the funds in Plaintiff's account were used for her "support and maintenance." Instead, the ALJ *assumed* that the funds in the account were used for her "support and maintenance" since money from the account was spent on clothes, computers, and a driver's education class. Notably, however, there is no evidence in the record to support the ALJ's assumption that such items constitute "support and maintenance." *See Garland v. Sec'y of Health & Human Services*, 528 F. Supp. 415, 417 (E.D. Mich. 1981) (citing *Wilson v. Califano*, 617 F.2d 1050, 1054 (4th Cir. 1980) ("[I]t is manifestly unfair for the ALJ to rely on assumptions and 'facts' which the claimant cannot, without reading the ALJ's mind, test or rebut.")). Therefore, the question of whether the conservatorship account could be (or was) used for Plaintiff's support and maintenance remains unanswered.

Because the ALJ's assumption that Plaintiff's funds were used for her support and maintenance is not supported by substantial evidence, the Court must remand the case to the ALJ to resolve this question. *Jones*, 945 F.2d at 1369 (noting an ALJ's decision must be supported by more than a mere scintilla of evidence); *see also Brainard*, 889 F.2d at 681 (noting this Court may not try the case *de novo*, nor resolve conflicts in the evidence). This Court has the "authority

to remand a case for further administrative proceedings [under] § 405(g)." *Allen v. Comm'r of Soc. Sec'y*, No. 09-cv-13503, 2010 WL 3905983, at *1 n.1 (E.D. Mich. June 2, 2010) (citing *Hollon v. Comm'r of Soc. Sec'y*, 447 F.3d 477, 482-83 (6th Cir. 2006)). For example, under sentence four of 42 U.S.C. § 405(g), it states:

> The court shall have the power to enter, upon pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). Accordingly, the decision of the ALJ is reversed and the case is remanded to the ALJ for further consideration of the unresolved issue.


Dated: December 17, 2015         /s/ TIMOTHY P. GREELEY
                                 HON. TIMOTHY P. GREELEY
                                 UNITED STATES MAGISTRATE JUDGE